## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY


STEVEN MCLEOD )
)
      Plaintiff, )
)
     v. )    **C.A. No. N11C-03-111 MJB**
)
HUGHEY F. MCLEOD )
)
)
      Defendant. )


**Submitted:** January 26, 2015
**Decided:** March 31, 2015


*Upon Plaintiff's Motion for Sanctions*, **DENIED**.


## OPINION


Steven A. McLeod, *pro se*, 1050 Big Joe Road, Monticello, Florida 32344.

Cynthia H. Pruitt, Esq., Doroshow, Pasquale, Krawitz & Bhaya, 1208 Kirkwood Highway, Wilmington, Delaware 10805, Attorney for Defendant.


**Brady, J.**


1

## I. INTRODUCTION

This is a personal injury case. Plaintiff Steven A. McLeod ("Plaintiff") alleges that he was sexually abused by his father Defendant Hughey F. McLeod ("Defendant") from approximately December 1967 through January 1972. Both parties were domiciled in Delaware at the time of the alleged abuse, but both now reside in Florida. Plaintiff is incarcerated in Florida serving a life sentence. On April 29, 2011, Plaintiff filed the instant action under 10 *Del. C.* § 8145.

On January 26, 2015, Plaintiff filed his Motion for Sanctions asking that the Court sanction Defendant for filing what Plaintiff describes as "frivolous" Motions in Limine to Exclude the Testimony of Plaintiff's Expert Witnesses, Dr. Michael Gillum[1] and Dr. Marianne Barnes.[2] On February 26, 2015, the Court issued an Opinion deferring decision on these two Motions.[3] The Court found that Plaintiff had not established that either Dr. Gillum or Dr. Barnes could testify to specific causation, and Plaintiff had not identified an alternate expert who could testify to specific causation.[4] The Court explained that in the absence of a specific causation expert, the opinions of Dr. Gillum and Dr. Barnes would be irrelevant.[5] The Court acknowledged that, based on the record before it, the Court would be required to grant Defendant's Motions.[6] However, in consideration of Plaintiff's difficulties in communicating with experts and his apparent indigence, the Court granted Plaintiff an additional 90 calendar

---

[1] Motion to Exclude Gillum, Item 197.
[2] Motion to Exclude Barnes, Item 196.
[3] Opinion, Item 211.
[4] Opinion, Item 211, at 14.
[5] Opinion, Item 211, at 15-16.
[6] Opinion, Item 211, at 16.

days to supplement the record and provide the required Rule 26 expert disclosure established the existence of a specific causation expert in this case.[7]

## II. LEGAL STANDARD

Rule 11(c) enables a trial judge to impose an "appropriate sanction" on attorneys, law firms, and parties who violate the provisions of Rule 11(b).[8] Rule 11(b) requires that representations to the Court, including all pleadings, written motions, and other papers, be made in good faith and not for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."[9] All claims, defenses, and other legal contentions made in pleadings, written motions, or other papers must, to the best of that person's knowledge, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."[10]

Delaware courts rarely impose Rule 11 sanctions. It is well-established that "sanctions should be reserved for those instances where the Court is reasonably confident that an attorney does not have an objective good faith belief in the legitimacy of a claim or defense."[11] Objective good faith requires that the conduct of the party was objectively reasonable, regardless of the subjective mental states or intentions of the actor himself.[12]

---

[7] Opinion, Item 211, at 16.
[8] Super. Ct. Civ. R. 11.
[9] Super. Ct. Civ. R. 11(b).
[10] Super. Ct. Civ. R. 11(b).
[11] *Smith v. Donald L. Mattia, Inc.*, 2012 WL 252271, at *5 (Del. Ch. Jan. 13, 2012).
[12] *See, e.g., In re Mandalay Shores Coop. Hous. Assoc., Inc.*, 63 B.R. 842, 847–48 (N.D.Ill. 1986) ("Frequently a distinction is made between "subjective" and "objective" good faith, the former indicating an individual's actual state of mind and the latter a reasonable person's hypothetical state of mind in given circumstances.")

### III. PRESENT MOTION

Plaintiff argues that Defendant's claim that Dr. Barnes should be excluded "is totally ridiculous because Dr. Barnes actually examined and treated the Plaintiff for two (2) years, including a lengthy hospitalization."[13]  Plaintiff suggests that it was Defendant's burden to depose Dr. Barnes in order to determine whether she would be able to testify as to the connection between Plaintiff's symptoms and the alleged abuse.[14]  Plaintiff ignores the fact that under Rule 26, it is his burden to identify his expert witnesses, to disclose the substance of the experts' opinions,[15] and establish that the proffered testimony is "relevant and reliable."[16]  Plaintiff says that Defendant's Motion to Exclude Dr. Gillum is "equally frivolous" because general causation experts are permitted to testify.[17]  While Plaintiff is correct that general causation experts are permissible, the testimony of a general causation expert in a personal injury case is only relevant if the Plaintiff can also establish specific causation.

Defendant's Motions to Exclude Dr. Barnes and Dr. Gillum were clearly not frivolous. In fact, the Court found that, on the basis of the record before it at the time, the Court would be required to grant the Motions.[18]  Plaintiff has yet to establish that the opinions of Dr. Barnes or Dr. Gillum are relevant because he has not provided a specific causation expert.  The Court elected, in consideration of Plaintiff's difficulties in litigating this case, to afford him an additional opportunity to produce a specific causation expert and thereby establish the relevance of Dr. Barnes' and Dr. Gillum's testimony.  The Court's accommodation in this regard does not

---

[13] Motion, Item 205, at 2.
[14] Motion, Item 205, at 4 ("Defendant failed to utilize a discovery tool, like the deposition of Dr. Barnes out of laziness or cheapness to learn the connection [between the symptoms and the alleged abuse].").
[15] Super. Ct. Civ. R. 26(b).
[16] *Kapetanakis v. Baker*, 2008 WL 3824165, *3 (Del. Super. Ct. 2008) (*citing Price v. Blood Bank of Delaware, Inc.*, 790 A.2d 1203, 1210 (Del. 2002)).
[17] Motion, Item 205, at 4.
[18] Opinion, Item 211, at 16-17.

change the fact that the Motions would have been granted were Plaintiff not permitted to supplement the record. Motions cannot be objectively frivolous when they merit granting based on the record currently before the Court.

Plaintiff's Motion for Sanctions is hereby **DENIED**.

**IT IS SO ORDERED.**

_____/s/_____

**M. JANE BRADY**
Superior Court Judge